[No. 2203]

## H. LOOSE, RESPONDENT, *v.* LILLIAN LARSEN, APPELLANT.

[161 Pac. 514]

1. SALES—ILLEGAL CONSIDERATION.
> Generally where goods are sold for the express purpose of enabling the buyer to accomplish an unlawful or immoral purpose, there can be no recovery for their price.

2. SALES—ILLEGAL CONSIDERATION.
> Generally where the vendor of goods merely has knowledge that the purchaser intends to use them for an immoral or illegal purpose, and does nothing to aid in carrying out such purpose, he is entitled to recover therefor.

3. INTOXICATING LIQUORS—CONTRACTS—VALIDITY—NOTE FOR PRICE.
> A note for balance of indebtedness for liquors sold and delivered to the maker, engaged in conducting a house of ill-fame within the restricted distance from a church, was not invalid, though the seller knew the liquors would be resold upon the premises; there being nothing unlawful in the sale nor any law prohibiting sale of liquors at such house, since the buyer had a license to sell liquor there.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker*, Judge.

Action by H. Loose against Lillian Larsen. Judgment for plaintiff. From order denying motion for new trial, defendant appeals. **Affirmed.**

*Salter & Robins,* for Appellant:

"Whatever tends to interfere with the beneficial operation of the statute is unlawful and against the policy of the law." (*Sheldon* v. *Pruessner,* 35 Pac. 203.)

"No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. If from plaintiff's own stating, or otherwise, the cause of action appears to arise *ex turpi causa* or the transgression of a positive law of the country, there the court says he has no right to be assisted. It is upon that ground the court goes; not for the sake of the defendant, but because it will not lend its aid to such a plaintiff." (*Valentine* v. *Stewart,* 15 Cal. 387.)

"If the contract is illegal, it will not be enforced." (*Drexler* v. *Tyrrell,* 15 Nev. 114.)

"A contract which has the direct effect of promoting sexual immorality is void." (6 R. C. L. 716.)

"Where goods are sold for the express purpose of enabling the buyer or beneficiary to accomplish an unlawful purpose, the agreement is void and there can be no recovery." (9 Cyc. 573; *Ball* v. *Putnam,* 55 Pac. 773; *Standard Furniture Co.* v. *Van Alstine,* 62 Pac. 146; *Ballerino* v. *Ballerino,* 82 Pac. 199.)

"Where a contract grows immediately out of, and is connected with, an illegal or immoral act, a court of justice will not lend its aid to enforce it." (*Armstrong* v. *Toler,* 6 L. Ed. 468.)

*R. M. Hardy,* for Respondent:

In order to bar recovery on an illegal contract, the party seeking relief must have participated in the unlawful act or purpose concerning which the contract was void. "But the principle that a court will lend assistance to one who founds his cause of action upon an illegal act, applies in general only when it appears that the very party who is seeking aid from the court participated in the unlawful purpose. It has been said that the test of its application is whether the plaintiff can establish his case otherwise than through the medium of an illegal transaction to

which he himself is a party." (Elliott on Contracts, sec. 645.)

It is an ancient principle, and a well-founded one, that the law does not punish a wrongful intent when nothing is done to carry that intent into effect. Much less will the law punish or penalize the bare knowledge of the wrongful intent, without any participation in it. Where the sale is not necessarily *per se* a violation of the law, unless the unlawful purpose enters into and forms a part of the contract of sale, the vendee cannot set up his own illegal intent in bar of an action for the purchase money. (*Hodgson* v. *Temple*, 5 Taunt. 181; *Wallace* v. *Lark*, 12 S. C. 576.)

The plaintiff is not only not debarred from recovery by the rule, but.it appears that the rule should be invoked against the. defendant in her attempt to establish an affirmative defense. (*Hubbard* v. *Moore*, 24 La. Ann. 591, 13 Am. Rep. 128; *Mahood* v. *Tealza*, 26 La. Ann. 108.)

By the Court, COLEMAN, J.:

This is an appeal from an order denying a motion for a new trial.

The judgment in this case is in favor of respondent, who was the plaintiff in the trial court, and is based upon an action to recover judgment upon a certain promissory note executed by appellant. For defense to the cause of action mentioned, the answer alleged that the note described in the complaint was given to cover a balance of an indebtedness due plaintiff for liquors sold and delivered by him to defendant, who was engaged in conducting a house of ill-fame within the restricted distance from a church edifice which was used for religious worship, knowing that said liquors would be resold by the defendant upon said premises to the inmates of said house of ill-fame and the visitors thereto in order to encourage patronage of said house, that the same might be made more profitable.

Appellant contends that, since a contract which is founded upon an immoral or illegal consideration is void,

and since it is against the law of Nevada to conduct a house of ill-fame within a certain distance of a church edifice which is used for religious worship, as did appellant, and since the sale of the liquors mentioned encouraged such violation of the law by appellant, there is no valid consideration for the note sued upon, and hence the order refusing to grant defendant a new trial was error.

1, 2. It is the general rule of law that where goods are sold for the express purpose of enabling the buyer to accomplish an unlawful or immoral purpose, there can be no recovery for the price of the goods sold; but where the vendor merely has knowledge that the purchaser intends to use the goods for an immoral or illegal purpose, and does nothing to aid in carrying out the immoral or illegal purpose, the vendor is entitled to recover. We quote from Cyc. as follows:

"It is held in England that, where the agreement is innocent in itself, but the intention is unlawful, as where goods are bought or money borrowed to be used for an unlawful purpose, the mere fact that the other party knows of such purpose renders the agreement illegal and void. * * * In the United States, while some courts have followed the English rule, most of the courts have taken a different view, and have held that mere knowledge of the seller of goods or services that the buyer intends an illegal use of them is no defense to an action for the price or for rent." (9 Cyc. 571, 572.)

Ruling Case Law says:

"A question which is apparently involved in some obscurity is whether a contract is rendered illegal by the fact that one party knows of the other's intention to further an illegal purpose by means of the contract, as, for instance, to use the subject-matter thereof for an unlawful purpose. That there is some difference of opinion on the subject there would seem to be no doubt. From some decisions the rule is deducible that knowledge of the other party's illegal object may, at least under some circumstances, indicate an intention to aid the

unlawful object or constitute participation in an unlawful act. However, in a majority of the decisions dealing with particular contracts, mere knowledge by one of the parties of the other's intention to use the subject-matter for an unlawful purpose has been held not to render the contract illegal." (6 R. C. L. pp. 696, 697.)

The Supreme Court of South Carolina, in *Wallace* v. *Lark*, 12 S. C. 576, 32 Am. Rep. 516, uses the following language:

"We are not disposed, however, to rest the case here, but are rather inclined to adopt the rule laid down by Lord Mansfield in *Hodgson* v. *Temple*, 5 Taunt. 181, that mere knowledge of the vendor that the purchaser intends to make an illegal or immoral use of the article purchased is not sufficient to defeat action for the purchase money. There must be something more; something to show that the vendor was to participate in the illegal transaction, or that his intention in making the sale was not the ordinary purpose to dispose of his goods to the best advantage, but to aid or promote the illegal or immoral purpose for which article was bought."

Again we quote:

"One who has received the benefits of the complete performance by the plaintiff of a contract which was not *malum in se* nor *malum prohibitum* cannot successfully defend an action for the payment of his indebtedness which has accrued therefrom on the ground that either he or another intended to do some unlawful act which was no part of the consideration nor of the performance of the agreement." (*Hanover Nat. Bank* v. *First Nat. Bank*, 109 Fed. 422, 48 C. C. A. 423.)

The Supreme Court of New Hampshire, in *Hill* v. *Spear*, 50 N. H. 253, 9 Am. Rep. 205, after reviewing all of the decisions which had been rendered at the time that case was before the court, reached the conclusion that mere knowledge that goods sold are intended by the purchaser to be used unlawfully was not sufficient to prevent recovery for the purchase price of the goods.

It would serve no useful purpose to here review the cases at length which sustain this view, and we content ourselves by calling attention to the authorities which appear in the notes to the citations to Cyc. and Ruling Case Law, *supra.*

The Supreme Court of the United States, in *Hanauer v. Doane*, 12 Wall. 342, 20 L. Ed. 439, said:

"Where to draw the precise line between the cases in which the vendor's knowledge of the purchaser's intent to make an unlawful use of the goods, will vitiate the contract, and those in which it will not, may be difficult. Perhaps it cannot be done by exact definition."

**3.** While no doubt it is difficult in many cases to know just where to draw the line where the purchaser intends to make an unlawful use of the goods bought, we do not think this is such a case, because appellant intended to make a lawful use of the goods. There was certainly nothing unlawful or immoral in the sale by respondent to appellant of the liquors, nor is there anything in the laws of this state which prohibited the sale of liquors at the house which was occupied by appellant. In fact, she had a license from the duly constituted authorities to sell liquor upon the premises in question. The use to which appellant intended to put the liquors, and to which in fact they were put, being perfectly legal, we are unable to see that the doing by respondent's grantee, with the goods purchased, that which she had a legal right to do, though done with a bad motive, as was known by respondent, could in any way affect the respondent's right of recovery. No authority has been called to our attention, nor have we been able to find one, which holds that a person who sells goods to another who intends to resell them in a legitimate manner, though such legitimate resales may incidentally encourage an illegal or immoral business, and all with the knowledge of the vendor, cannot recover. Yet that is what we are asked to hold in this case.

While we are anxious to maintain every rule of law which tends to promote civic decency, we are of the opinion that to sustain appellant's contention would be

to take a step which neither the law nor sound business principles will justify.

It is ordered that the order denying appellant's motion for a new trial be affirmed.